UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTAURUS ASHLEY, LP, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-04107 |
| | § | |
| LEXINGTON INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER OF REMAND

## I. INTRODUCTION

Pending before the Court is plaintiff's, Centaurus Ashley, LP d/b/a Ashley Square Apartments ( the "plaintiff"), Motion to Remand and Supplemental Motion to Remand (Dkt. Nos. 9 & 15). After having carefully examined the plaintiff's motions, the defendants' responses in opposition thereto, and the applicable law, the Court determines that the plaintiff's Motion to Remand should be GRANTED. The above-styled and numbered civil action is, therefore, REMANDED, pursuant to 28 U.S.C. § 1447(c), to the 165th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2010-57747.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, a Texas limited partnership, is the owner of a commercial insurance policy issued by Lexington Insurance Company ("Lexington") insuring the commercial property located at 6330 Windswept Lane, Houston, Texas 77057, known as the Ashley Square Apartments. Ted W. Allen & Associates, Inc. ("Allen") sold the policy to the plaintiff and the policy was in effect at the time Hurricane Ike traveled through Harris County, Texas, causing

severe damage to several commercial and residential properties throughout the Gulf Coast region, including the plaintiff's property.

In the aftermath of the storm, the plaintiff filed a claim against the policy for property damage and business interruption losses. After receiving the plaintiff's claim, Lexington employed Cunningham Lindsey, U.S., Inc. ("Cunningham") to assist in the investigation and adjustment of the plaintiff's claim. Pursuant to Lexington's instruction, Cunningham inspected the plaintiff's property and estimated the physical damages to exceed a $250,000 threshold set by Lexington. Thus, in accordance with Lexington's instructions, Cunningham assigned the plaintiff's claim to a loss consultant firm selected by Lexington. Additionally, Cunningham, at Lexington's instruction, assigned the plaintiff's business interruption claim to another business entity.

The plaintiff alleges that Lexington has wrongfully withheld payment on its claim and that Cunningham and Lexington failed to adequately perform an inspection and adjust its claim. On September 10, 2010, the plaintiff filed suit in the 165th Judicial District Court of Harris County, Texas alleging multiple causes of action against Lexington, Cunningham and Cunningham's individual adjusters (the "adjusters"). The claims alleged in the plaintiff's Original Petition include claims of negligence, breach of contract, violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation and fraud. The plaintiff also alleges a negligence claim against Allen.

On October 26, 2010, Lexington removed the state-court action to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, alleging that the Court has subject matter jurisdiction because

complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. It maintains that although the defendants, Cunningham, Randal Ordner ("Ordner"), Robert Hovanec ("Hovanec"), Larry Couvillon ("Couvillon"), Paul Odom ("Odom"), Allen, and John Jay ("Jay"), are citizens of Texas, complete diversity of citizenship still exists because the aforementioned defendants are improperly or fraudulently joined. The plaintiff now moves to remand this action to state court, contending that Lexington's removal of the action was improper and this Court lacks subject matter jurisdiction to adjudicate the parties' dispute.

### III. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca,* 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the

plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that one or more of the defendants reside in Texas, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In deciding whether a defendant was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 -

309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

## IV. ANALYSIS AND DISCUSSION

### A. Whether A Reasonable Possibility Exists That The Plaintiff Could Recover From Any of the Non-Diverse Defendants

As a threshold matter, the plaintiff argues that remand in this case is appropriate because complete diversity of citizenship is non-existent among the parties. The parties do not dispute that the amount in controversy has been satisfied or that the plaintiff and the defendants, Cunningham, Ordner, Hovanec, Couvillon, Odom, Allen, and Jay are Texas residents. Thus, only the second prong of the *Gasch* improper joinder standard, outlined above, is relevant here. Hence, the primary issue for this Court's resolution is whether the plaintiff can establish *a potentially* viable state-law cause of action against any of the non-diverse defendants.

Texas law prohibits any "person" from engaging in a trade practice, determined under Chapter 541 of the Texas Insurance Code, "to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Tex. Ins. Code § 541.003. Under the Texas Insurance Code, a "person" is defined as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." Tex. Ins. Code § 541.002(2). In this case, Lexington does not appear to contest that it is possible to maintain a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity. *See*, *e. g., Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999)). Rather, it, argues that since neither Cunningham nor the adjusters had a contractual relationship with the plaintiff,

"none can be liable to [the [p]]laintiff for improper investigation and settlement advice." As authority for this position, both Lexington and Cunningham cite to the case of *Crocker v. Am. Nat. Gen. Ins. Co.*, 211 S.W. 3d 928 (Tex. App.–Dallas, 2007). In addition, they maintain that the plaintiff has failed to offer any specific facts in support of its claims against Cunningham and the individual adjusters. Consequently, Lexington and Cunningham argue that there is no reasonable possibility of recovery against any of the non-diverse defendants based on the facts alleged by the plaintiff in its Original Petition. This Court disagrees.

The Fifth Circuit, in *Smallwood*, sanctioned a Rule 12(b)(6)-type assessment as the preferred method for determining a plaintiff's possibility of recovery under state law. *Smallwood*, 385 F.3d at 573. Under this type of inquiry, a petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 – 65, 167 L. Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* (internal citations omitted).

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, the Court must now determine whether Cunningham and/or any of its individual adjusters may be considered "person(s)" engaged in the insurance business with respect to the plaintiff's claims against them. *See Garrison Contractors*, 966 S.W.2d at 487 (reasoning that "section 16 of Article 21.21[1] provides a cause of action against insurance company employees

---

[1] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." *Garrison Contractors*, 966 S.W.2d at 484 (citing Tex. Ins. Code art. 21.21 § 16(a)). Article 21.21 has since been repealed. The pertinent parts of § 16 are currently codified at § 541.060 of the Tex. Ins. Code.

whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002) (noting that "[a]lthough the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims."). Here, it is undisputed that Cunningham and its adjusters investigated, processed and/or evaluated the plaintiff's claim on Lexington's behalf. As Lexington's adjusters, Cunningham and its adjusters were tasked with the responsibility of evaluating the plaintiff's claim in terms of legitimacy and value. Accordingly, Cunningham and its adjusters are "persons" subject to liability under Chapter 541 of the Texas Insurance Code since claims adjusters qualify as "persons" engaged in the business of insurance. *See Gasch*, 491 F.3d at 283.

Next, the Court must determine whether the plaintiff has alleged *any potentially* viable cause of action against Cunningham, Ordner, Hovanec, Couvillon, Odom, and Jay as a result of their work on its claim. The Fifth Circuit has explained that in order to establish a reasonable possibility that a Texas state court would permit recovery against an employee-adjuster for claims alleged under the Texas Insurance Code, the plaintiff must demonstrate that "the employee, *himself*, committed a violation" that caused the harm. *Hornbuckle*, 385 F.3d at 545 (emphasis in original). Particularly, in its Original Petition, the plaintiff asserts that Cunningham and its adjusters violated sections 541.060(a)(2)(A), 541.060(a)(3), and 541.060(a)(4)(A) of the Texas Insurance Code. Specifically, the plaintiff alleges, *inter alia*, the following:

> (1) Both Cunningham Lindsey and the Adjusters [] failed to conduct any independent or fair investigation into the damages to the Property; (2) the Adjusters failed to properly inspect the property and [] related damages, failed to properly request information, failed to properly investigate the claims, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly

>report to Lexington and make a recommendation to Lexington with regard to Plaintiff's claims; (3) the Adjusters failed and refused to respond to the [plaintiff's] inquiries and failed to properly adjust the claims and the losses; (4) Lexington, Cunningham and the Adjusters have all failed to explain the reasons for failing to offer adequate compensation for the damage to the Property; and (5) Cunningham hir[ed] and reli[ed] upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying Plaintiff's hurricane claims.

(Dkt. No. 1, Ex. A.)

When resolving all factual disputes and ambiguities in the plaintiff's favor as this Court is required to do, the Court determines that the plaintiff's assertions tend to suggest that Cunningham and/or its adjusters, while acting as "persons" engaged in the business of insurance, performed and/or contributed in some way to Lexington's investigation and/or decision relative to the plaintiff's claim. Assuming such, Cunningham and/or its adjusters could *potentially* be held personally liable to the plaintiff under § 541.060 of the Texas Insurance Code.[2] Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Cunningham and/or its adjusters for the causes of action alleged, the plaintiff is not required to make such a showing at this stage of the litigation. Instead, it is Lexington's heavy burden to establish with certainty that the plaintiff has *no reasonable possibility* of recovery against Cunningham and/or its adjusters. Lexington has provided this Court with no such evidence from which it could forecast that the plaintiff has no reasonable possibility of recovery against Cunningham and/or its adjusters in state court. For these reasons, the Court finds that Lexington has not satisfied its burden of establishing that Cunningham and its adjusters were fraudulently joined in this lawsuit.

---

[2] Since the Court finds that a possibility exists that the plaintiff may be able to maintain a cause of action against Cunningham and/or its adjusters under the Texas Insurance Code, it does not consider whether the plaintiff has alleged actionable facts against them for the plaintiff's remaining causes of action.

.   **B.   Whether Allen Has Been "Mis-Joined"**

Lexington further argues that the plaintiff's action against Allen is unrelated to its claims against the other defendants and, therefore, Allen is improperly joined in this case. It maintains that the plaintiff's claims against Allen do not arise out of the same transaction as its claims against the other defendants and as such, the plaintiff's joinder of Allen in this action constitutes "fraudulent misjoinder." In support of its position, Lexington relies on the case of *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F. 3d 1069, 1072 (11th Cir. 2000). Under the analysis set forth in *Tapscott*, "fraudulent misjoinder" is said to exist when: (1) a defendant has been misjoined with other defendants in violation of applicable joinder rules; and (2) the misjoinder is so egregious as to constitute fraudulent joinder. *Tapscott*, 77 F.3d at 1360.[3] The Court finds Lexington's reliance on *Tapscott* to support its position misplaced and unconvincing.

Rule 40(a) of the Texas Rules of Civil Procedure provides, in relevant part, that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all of them will arise in the action." Tex. R. Civ. P. 40(a). In this case, the plaintiff's claims against Allen undeniably arise from the same series of occurrences or transactions as it is undisputed that Allen sold the plaintiff the very insurance policy at issue in this case. Accordingly, judicial economy favors resolving the plaintiff's claims against Allen and the other defendants in the same action. Finally, Lexington has proffered no evidence

---

[3] Though the Fifth Circuit has not applied the fraudulent misjoinder concept, it has cited *Tapscott* with approval and has recognized that the concept is not permissible to circumvent diversity jurisdiction. *See In re Benjamin Moore & Co.,* 318 F.3d 626, 630 – 31 (5th Cir. 2002).

establishing that the plaintiff's joinder of Allen in this action is sufficiently "egregious" to be considered fraudulent.

## V.  CONCLUSION

Because Lexington not shown that there exists *no reasonable possibility* that the plaintiff could establish a viable cause of action in state court against any of the non-diverse defendants under the Texas Insurance Code, the Court determines that it has not met its heavy burden of establishing improper or fraudulent joinder on the facts alleged.  In light of the foregoing, the absence of complete diversity of citizenship prevents this Court from exercising jurisdiction over the instant action.  Accordingly, the plaintiff's motion to remand is GRANTED and this case is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 165th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2010-57747.

It is so ORDERED.

SIGNED at Houston, Texas this 19th day of May, 2011.

_____
Kenneth M. Hoyt
United States District Judge